UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| SHEILA DENGLER, AS NEXT FRIEND OF B.P.D., A MINOR BORN IN 2000,<br><br>Plaintiff,<br><br>vs.<br><br>HORACE MANN INSURANCE COMPANY,<br><br>Defendant. | CIV. NO. 17-00068 LEK-RLP |

## ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT

On February 22, 2018, this Court issued an Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Counter-Motion for Summary Judgment ("2/22/18 Order"). [Dkt. no. 39.] The Judgment in a Civil Case ("Judgment") was entered on March 16, 2018. [Dkt. no. 41.] Before the Court is Plaintiff Sheila Dengler's ("Plaintiff")[1] motion to vacate the 2/22/18 Order and the Judgment ("Motion"), filed on April 5, 2019. [Dkt. no. 48.] Defendant Horace Mann Insurance Company ("Defendant") filed its statement of no position on April 18, 2019. [Dkt. no. 50.] The Court has considered the Motion as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice for the United States

---

[1] Sheila Dengler is pursuing this action as Next Friend of B.P.D., a minor born in 2000.

District Court for the District of Hawaii ("Local Rules"). Plaintiff's Motion is hereby denied for the reasons set forth below.

## BACKGROUND

The relevant factual background is set forth in the 2/22/18 Order and will not be repeated here. In the 2/22/18 Order, this Court ruled that Defendant was entitled to summary judgment because the underinsured motorist ("UIM") benefits in the four motor vehicle insurance policies that Defendant issued to Plaintiff and her husband were not subject to stacking. [2/22/18 Order at 8-9.]

On March 29, 2018, Plaintiff appealed. [Dkt. no. 42.] Thereafter, the parties participated in the Ninth Circuit's mediation program and ultimately agreed to resolve all claims. [Mem. in Supp. of Motion at 2-3 (citing Motion, Decl. of James T. Leavitt, Jr. ("Leavitt Decl.") ¶¶ 4-5).] One settlement term allowed Plaintiff to file a motion to vacate the 2/22/18 Order and required Defendant to file a statement of no position. [Leavitt Decl. at ¶ 6.] On April 3, 2019, the Ninth Circuit dismissed Plaintiff's appeal. [Dkt. no. 47.]

## STANDARD

Fed. R. Civ. P. 60 grants a district court the power to vacate its judgment when appropriate. Rule 60(b) states in pertinent part:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; **or applying it prospectively is no longer equitable;** or
>
> (6) any other reason that justifies relief.

(Emphasis added.[2])

In the Ninth Circuit, a district court uses an "equitable balancing test" to evaluate whether to vacate a judgment or order after the parties settle. Am. Games, Inc. v. Trade Prods., Inc., 142 F.3d 1164, 1168 (9th Cir. 1998). This equitable balancing test involves weighing various factors including: "the consequences and attendant hardships of dismissal or refusal to dismiss"; "the competing values of finality of judgment and right to relitigation of unreviewed disputes"; and "the motives of the party whose voluntary action mooted the case." Id. (citation and internal quotation marks

---

[2] Plaintiff also brings the Motion pursuant to Rule 60(d), which states: "This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding[.]" However, Rule 60(d)(1) is inapplicable because Plaintiff did not bring the instant Motion in an independent action.

3

omitted).  In addition, courts should weigh the relevant public policy considerations.  Id. at 1170.

## DISCUSSION

### I. Consequences and Attendant Hardships

No attendant hardships to the parties are alleged if this Court preserved the 2/22/18 Order.  Instead, Plaintiff argues the 2/22/18 Order should be vacated because this Court should support the parties' settlement.  [Mem. in Supp. of Motion at 3-4 (citing Ahern v. Central Pacific Freight Lines, 846 F.2d 47, 48 (9th Cir. 1988)).]  "The Ninth Circuit is firmly committed to the rule that the law favors and encourages compromise settlements."  Ahern, 846 F.2d at 48 (citation and internal quotation marks omitted).  But, the Ninth Circuit has also stated that "a district court is not required to vacate a judgment pursuant to settlement because, otherwise, any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books."  Bates v. Union Oil Co. of Cal., 944 F.2d 647, 650 (9th Cir. 1991) (citation and internal quotation marks omitted).  Consequently, granting vacatur may deter settlement before initial judgment because "[s]ome litigants, at least, may think it worthwhile to roll the dice rather than settle in the district court."  U.S. Bancorp Mortg. Co. v.

Bonner Mall P'ship, 513 U.S. 18, 28 (1994) (emphasis omitted);[3] see also Tumulty v. FedEx Ground Package Sys., Inc., No. C04-1425P, 2007 WL 896035, at *3 (W.D. Wash. Mar. 22, 2007) (denying a motion to vacate judgment in part because the losing party should not have the option to "'buy an eraser' for unfavorable rulings"). Thus, the parties had the opportunity but failed to settle before the 2/22/18 Order or the Judgment. Here, preserving the incentives of early settlement weighs against vacatur.

Plaintiff's argument that Defendant's acquiescence and statement of no position should weigh in favor of vacatur is also unpersuasive. Unlike in Click Entertainment, Inc. v. JYP Entertainment Co., Civ. No. 07-00342 ACK-KSC, 2009 WL 3030212, at *3 (D. Hawai`i Sept. 22, 2009), in which the parties had filed a joint motion for vacatur, here, Plaintiff is the sole moving party. Defendant's lack of demonstrated support for the instant Motion weighs against vacatur.

---

[3] The exceptional circumstances test in Bonner Mall does not apply here because it only applies to appellate courts considering motions to vacate judgment. Cf. Am. Games, 142 F.3d at 1168 ("Ninth Circuit decisions after Bonner Mall support the reading . . . that a district court may vacate its own decision in the absence of extraordinary circumstances."). However, Bonner Mall is still relevant because the case addresses many policy concerns a district court will consider when evaluating a motion to vacate judgment upon settlement by the parties.

There is also no indication that the parties conditioned their settlement agreement on the success of the Motion. This Court therefore does not find any substantial hardship to the parties if vacatur is denied. See Seaboard Sur. Co. v. Grupo Mexico, S.A. de C.V., No. CV 06-0134-PHX-SMM, 2010 WL 11519172, at *3 (D. Ariz. Nov. 12, 2010) (denying a motion to vacate judgment in part because the parties did not condition their settlement agreement upon the success of the motion and the parties would have settled despite its failure).

**II. Finality of Judgment v. Relitigation of Unreviewed Disputes**

Plaintiff argues that finality and relitigation of unreviewed disputes, as part of the settlement, are not concerns because she has given up the right to have the 2/22/18 Order and the Judgment reviewed. [Mem. in Supp. of Motion at 4 (citing Click Entertainment, 2009 WL 3030212, at *3).] Plaintiff's argument is misplaced. In Click Entertainment, post-trial motions were still pending and the parties had not progressed to the appellate stage. 2009 WL 3030212, at *1. In contrast, here, Plaintiff settled after having filed a Notice of Appeal. Click Entertainment is factually distinguishable, and its analysis of the second factor of the equitable balancing test does not apply to the instant Motion.

Plaintiff also argues Defendant's voluntary action of settling should weigh in favor of vacatur because, "'[i]nsofar

6

as the prevailing party causes [a final judgment] to become moot . . . , preservation of the district court judgment is problematic.'"  See Click Entm't, 2009 WL 3030212 at *3 (some alterations in Click Entm't) (quoting Harrison W. Corp. v. United States, 792 F.2d 1391, 1394 n.2 (9th Cir. 1986)).  This argument is outweighed by two policy concerns.  First, granting vacatur would waste the judicial resources used to produce the Judgment.  See Tumulty, 2007 WL 896035 at *2 (denying a motion to vacate judgment in part because granting the motion would "overlook the considerable resources" expended by the district court); see also Bonner Mall, 513 U.S. at 27 ("To allow a party who steps off the statutory path to employ the secondary remedy of vacatur as a refined form of collateral attack on the judgment would . . . disturb the orderly operation of the federal judicial system").  Second, judicial precedent is valuable to the legal community and is not solely the property of the litigants.  Bonner Mall, 513 U.S. at 26.  Vacating judgment would deprive the public of caselaw to guide future disputes.

### III. Other Factors and Summary

There is no evidence that an adverse motive motivated the settlement in this case.  This factor is therefore neutral.  Finally, there are no additional policy considerations to consider.  Having weighed all of the relevant factors, no ground

exists which justifies granting Plaintiff relief from the 2/22/18 Order and the Judgment.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Vacatur of Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Counter-Motion for Summary Judgment [ECF 39] Filed February 22, 2018 and Final Judgment [ECF 41] Filed March 16, 2018, filed April 5, 2019, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, July 10, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**SHEILA DENGLER, AS NEXT OF FRIEND OF B.P.D., A MINOR BORN IN 2000 VS. HORACE MANN INSURANCE COMPANY; CV 17-00068 LEK-RLP; ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT**